UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MEGAN MCKEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:12 CV 419 |
| | ) |
| EAGLECARE, LLC, d/b/a AMERICAN | ) |
| SENIOR COMMUNITIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

On October 7, 2011, plaintiff Megan McKee, then age 29, was fired from her job at a nursing home operated by defendant. Her life partner, Mary Landon, was fired at the same time. Landon was over the age of 40, and McKee and Landon believe that Landon was fired on the basis of her age.[1] McKee filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that she was fired "because of my relationship with another employee who was also terminated and over the age of forty (40)." (DE # 21 at 4.) McKee further explained she believed she was retaliated against "in violation of the Age Discrimination in Employment Act of 1967, as amended ["ADEA"]." (*Id.*) The charge is dated May 10, 2012. (*Id.*) The EEOC issued a right to sue letter to McKee on August 29, 2012, indicating that it could not determine that a violation had occurred. (*Id.* at 5.) Confusingly, McKee then filed suit in this court

---

[1] Landon's claim of age discrimination is the subject of a separate lawsuit, 1:12-CV-397-JTM.

alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII") on November 21, 2012. (DE # 1.)

Defendant has moved for summary judgment. (DE # 27.) Defendant argues, amongst other things, that plaintiff's EEOC charge was untimely filed, barring any ADEA claim, and that plaintiff's Title VII claim is procedurally barred because she filed no EEOC charge relating to a Title VII claim. (*Id.*) Plaintiff responded, but did not address the question of the timeliness of McKee's EEOC charge or the procedural propriety of her Title VII claim. (DE # 31.)

Indiana plaintiffs suing for ADEA violations must file a charge of discrimination within 180 days of the unlawful employment practice. 29 U.S.C. 626 (d)(1)(A); *Fugate v. Dolgencorp, LLC,* 555 F. App'x 600, 603 (7th Cir. 2014); *EEOC v. N. Gibson Sch. Corp.,* 266 F.3d 607, 617 (7th Cir. 2001), *overruled in part on unrelated grounds by EEOC v. Waffle House,* 534 U.S. 279 (2002); *Parker v. Horseshoe Hammond, Inc.,* No. 2:04-CV-33 PS, 2004 WL 1662291, at *3 (N.D. Ind. July 15, 2004). Assuming that McKee filed her EEOC charge on May 10, 2012 (the same day she signed and dated it), it is beyond dispute that the charge was filed more than 180 days after her termination on October 7, 2011 (in fact, the interval was more like 216 days). McKee makes no arguments regarding tolling so the court will not address the subject. In short, any claim in the complaint based on the ADEA is untimely because the EEOC charge was untimely filed.

Of course, plaintiff's complaint does not actually state a claim for an ADEA violation; instead, she claims that defendant violated her rights under Title VII, which

2

prohibits discrimination against an individual in the workplace "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). However, this claim is flawed as well. A prerequisite to filing a lawsuit under Title VII is that the plaintiff has exhausted her administrative remedies. 29 U.S.C. 626(d); 42 U.S.C. 2000e-5. In order to do so, a plaintiff must timely file a charge with the EEOC encompassing the acts complained of. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985).

Though plaintiff did file a charge of discrimination with the EEOC, it contains no allegations that suggest any discrimination against McKee on the basis of race, color, religion, sex, or national origin. Rather, the charge relates entirely to plaintiff's claim that defendant discriminated against her due to her association with Landon, a person over the age of 40 who was, according to McKee, a victim of age discrimination.[2] Because plaintiff failed to include any facts relevant to a Title VII claim in her charge of discrimination, the court finds that plaintiff failed to exhaust her administrative remedies with regard to that claim, and summary judgment on that claim is appropriate. *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010).

---

[2] An EEOC charge may encompass another claim if the claim is "like or reasonably related to the allegations of the charge and growing out of such allegations" such that there is a "reasonable relationship between the allegations in the charge and the claims in the complaint." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). However, the record is completely void of any allegations which might support a Title VII claim so it is impossible to determine whether any additional Title VII claim might have had a reasonable relationship to the age-based allegations that actually do appear in the charge.

For the foregoing reasons, defendant's motion for summary judgment (DE # 27) is **GRANTED.** Because no claims remain against any parties in this case, the Clerk is now ordered to **ENTER FINAL JUDGMENT** in this case, stating that judgment is entered in favor of defendant Eaglecare, LLC, d/b/a American Senior Communities, LLC; and against plaintiff Megan McKee, who shall take nothing by way of her complaint.

**SO ORDERED.**

Date: July 30, 2015

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT